LOTTINGER, Judge.
This is an expropriation proceeding involving two tracts of land situated in the Parish of Tangipahoa. The larger lies to the north of the “Springfield Road” and to the west of Highway No. 51 which intersects it. It contains 11.957 acres and, as the tract from which, it is carved contains 20 acres, there is left to the landowner 9.043 acres after the taking. This tract is identified as Parcel No. 47 on the map filed with the suit and identified as Exhibit P-3. The smaller tract is identified as Parcel No. 47-A. It consists of .310 acres which is carved from a tract containing approximately 2 acres. The only improvements on the larger tract consisted of unused gasoline and fuel storage tanks and equipment whereas a filling station was situated on the smaller tract.
The State, contemporaneously with the filing of the suit, deposited the sum of $17,-044 representing its estimate of just compensation. The defendant in his answer sought the sum of $166,500. Following trial on the merits the lower court rendered judgment for $30,558 from which the State has appealed. The landowner has neither appealed nor answered the appeal.
The award of the trial judge is broken down as follows:

The amount awarded for the filling station building is exactly the same as the appraised value given by the witness for the State, Mr. Mac J. Derbes, and somewhat less than the appraisal of the other witness for the State, Mr. Carrol Trahan, who placed a value on it of $6,758. This award should, therefore, be confirmed. Though no one testified as to the value of the well, the trial judge stated in her reasons for judgment that $500 was customarily paid in the area and, as appellant has not complained of this item, it will be allowed to stand.
The State’s witness, Mr. Trahan, estimated the cost of moving the underground gasoline storage tanks at $2,500 and there is no reason to disturb this figure. A thor *697 -oughly competent and impartial witness for the State, a Mr. Frank R. Lutenbacker, appraised the bulk storage tank at $1,712 and there is no reason to alter this award either.
While the State’s witness Mr. Derbes ■valued the land taken from Tract 47-A, being the site of the filling station, at $2,000 per acre, at the same time, he placed a value ■of $3,600 per acre on the corner across the highway from the station. The trial judge •concluded, and we think correctly so, that the improved corner was more valuable than the unimproved one. Her award, based ■on a valuation of $4,000 per acre, or $1,240 for the .310 acres taken appears reasonable. The award of $1,116 for the corner of Tract 47 was made in accordance with Mr. Derbes’ appraisal of $3,600 per acre and the State cannot, therefore, complain.
With respect to the remainder of Tract •47, the trial judge found as follows:
“It is a matter of common knowledge that the terrain around Hammond and Pontchatoula is generally very flat. In contrast to this there is situated in the area, on Highway 22, an area that is high, rolling and especially well drained. It has been a high class residential area for many years with many of the old residences remaining in the same families for many years. The subject property is located in this area, just •outside the corporation limits of Pontcha-toula.
“It has on it a growth of pine timber having a market value of from $1497.00 by Mr. Derbes (T. 93) to $1,850.00 by Mr. Womack (T. 5) but with its chief value as landscaping, which was not estimated, but •evidently figured in the value of the tract •as a home site.
“In order to arrive at the market value ■of a tract of land it is necessary to have some knowledge of the public demand for this character of real estate in this particular area, either by personal knowledge in the real estate field or by comparable sales in the area or both.
“There has been cited as a comparable herein a sale of 6 acres by Jos. E. Ebrecht to the Louisiana Power and Light Company for $600.00 an acre in 1954. This is viewed in the light of the facts as shown in the two Ebrecht cases in this series of expropriations (Docket No. 20495 and No. 20497) that within the last three or four years land values in this particular area have advanced beyond the normal upward trend, and that this 6-acre tract was entirely without timber. While Mr. Derbes claims the value of property in this area has not advanced his knowledge of real estate demands in this area is shown to be extremely limited.
“Jennie Jacobs transaction which has been cited as a comparable is considered in the light of testimony that this property has an undesirable location (T. 155).
“The sale from McGee to Arkansas Frozen Foods of 11 acres for $26,000.00 some three miles further west on Highway 22, is considered in the light of evidence in another suit in this series that the residence thereon was comparable to the Peter J. Ebrecht suit which is valued in that suit at $10,422.00 which would leave a value of the land of some $1425.00 an acre. However, the court has no evidence of the quantity or quality of timber or the nature of the terrain of this tract.
“A sale from Re to the Hospital Service District has been discussed at length, but is of little value as a comparable herein due to its difference in location and the wide variation of opinion as to the value of the improvements thereon and the resulting computation of the acreage value.
“In view of the comparables shown on the Range Road and other residential area in and around Pontchatoula and the testimony of Mr. Womack that he knew of no vacant land selling for more than $1,000 an acre although he thought the subject property to be of more value than that (T. 25) and in view of the timber thereon for its landscape value, the Court is going to value the tract at $1,200.00 an acre, for the total of 11.647 acres west of the canal, totalling $14,176.00.
*698 “As to the damage to the remaining portion, containing approximately 3.35 acres, the court considers the fact that this area is divided into two tracts. The one on the East is very narrow, backed up against the canal and bordering on the new highway in a sweeping double curve. The tract on the west which seems to be the only area left with any practical value. The Court believes this remaining tract has been damaged by the taking by two-thirds of its value or a net damage of $2,670.00.” (Tr. pages 53-55).
The State argues strenuously that we should disregard the above conclusions and accept those of their expert, Mr. Max J. Derbes. The lower court found, however, that the lands covered by defendant’s com-parables were more similar to the land in question than those covered by the State’s comparables. She should certainly be in a position to know which comparables should be looked to and we find no manifest error in her conclusions.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.